JOHN J. REISLER, Appellant, v. JACK DEMPSEY et al., Respondents.

St. Louis Court of Appeals. Opinion Filed May 3, 1921.

1. **CONTRACTS: Illegal Contracts: Prize Fighting: Pugilism: Public Policy: Injunction.** In an action seeking to enforce a contract of employment whereby the employee was to perform services for the employer as a boxer, or giving boxing exhibitions, or in any other capacity which might be assigned to him, the employer to receive 70 per cent of the net receipts derived from such exhibitions, etc., and the petition, asking injunctive relief, uses the words pugilist, fighter and boxer, interchangeably, *held* that the contract was invalid, in that should the parties undertake to carry out the evident intention and purpose of the contract it would be in contravention of the public policy of Missouri, as evidenced by its statutory law.

2. ———: ———: **Specific Performance: Equity: Will not Aid Enforcement of Contract Illegal in Missouri.** A Court of Equity of Missouri will not lend its aid or assistance in enforcing the terms of a contract or prohibit one from violating its terms, when to enforce the contract, so far as its principal object is concerned, would be in violation of the laws of the State, but will leave the parties where it found them.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Vital W. Garesche,* Judge.

AFFIRMED.

*Frumberg & Russell* for appellant.

(1) Where special, unique, artistic and extraordinary services are to be rendered under contract for the benefit of one of the parties thereto exclusively, while a court of equity cannot specifically enforce such contract, it will enjoin the rendering of such services to a third party. E. Jaccard Jewelry Company v. O'Brien, 70 Mo. App. 432; Philadelphia Ball Club v. Lajoie, 202 Pa. St. 210; Strobridge v. Crane, 12 N. Y. Supp. 898; Bronk v. Riley, 50 Hun. 489; Hoyt v. Fuller, 19 N. Y. Supp. 962; Wm. Rogers Mfg. Co. v. Rogers, 58 Conn. 356; Burney v. Ryle, 91 Ga. 701; Daly v. Smith, 49 How. Pr. 150; Canary v. Russell, 30 N. Y. Supp. 122; Metropolitan Exhibition Co. v. Ewing, 42 Fed. 198; Metropolitan Exhibition Co. v. Ward, 9 N. Y. Supp. 779; Frederick v. Mayer, 13 How. Pr. 566; Cort v. Lassard, 18 Ore. 221; H. W. Gossard Co. v. Crosby. 109 N. W. 483; Hayes v. Willio, 11 Abb. Pr. 167; McCaull v. Braham, 16 Fed. 37. (2) A contract cannot be held to be illegal on the ground that it is opposed to public policy unless its terms and provisions, fairly interpreted, require the violation of the statutory or common law, or some recognized canon of public morals. 6 R. C. L. 694; 1 Page on Contracts, 770; Murray v. White, 42 Mont. 423; Fox v. Rogers, 171 Mass. 546; Gregory v. Wendell, 40 Mich. 439; Cole v. Brown-Hurley Hardware Co., 117 N. W. 746; Richmond v. Railroad, 26 Iowa, 202; Lehndorf v. Schields, 13 Mo. App. 486. (3) If the act sought to be enjoined be a violation of a statute of the State as well as a breach of the contract, no rule of public policy is violated by its being enjoined. Mitchell v. Branham, 104 Mo. App. 480.

*Leahy & Saunders* for respondents.

(1) The court properly sustained the demurrer to the petition. Sections 4679, 4680, 4681, R. S. 1909 (Sections 3464, 3465, 3466, R. S. 1919); State ex rel. v. Men's Club, 178 Mo. App. 548; Mooreshead v. United Railways Co., 203 Mo. 121; Kerwin & Company v. Doran, 29 Mo. App. 397; Downing v. Ringer, 7 Mo. 585; Tri-State Amusement Co. v. Highlands Co., 192 Mo. 404; Rothwell v. Gibson, 121 Mo. App. 279; 11 Pomeroy's Equity Jurisprudence, section 940; Baseball & Athletic Company v. Harper, 54 Cen. Law Journal, p. 449; Robertson v. Baldwin, 165 U. S. 275; Arthur v. Oakes, 63 Fed. 31; Bick v. Seal, 45 Mo. App. 475; Buck v. Albee, 26 Vt. 184; Dowley v. Schiffer, 13 N. Y. Supp. 522; Farbes v. Cochrane, 2 B. & C. 448-471; Thurston et al. v. Rosenfield, 42 Mo. 474; Haggerty v. Ice Mfg. & Storage Co., 143 Mo. 247; Kitchin v. Greenbaum, 61 Mo. 110; Pulitzer Pub. Co. v. McNichols, 170 Mo. App. 709. (2) The court properly refused to grant a temporary injunction and properly dissolved the restraining order because the alleged contract is absolutely invalid. Sections 4679, 4680, 4681, R. S. 1909 (Sections 3464, 3465, 3466, R. S. 1919); State ex rel. v. Men's Club, 178 Mo. App. 548; Mooreshead v. United Railways Co., 203 Mo. 121; Kerwin & Co. v. Doran, 29 Mo. App. 397; Sections 4, 30 and 31, article 2 of the Constitution of Mo.; Article 5 section 1 of article 8 and section 1 of Article 14 of Amendments to the Constitution of the United States; Laws of New York 1917, p. 1598, chap. 555; Cases under Point 1.

NIPPER, C.—In this action, plaintiff seeks to enjoin defendant Jack Dempsey from violating the terms of an alleged contract with plaintiff, and to enjoin and restrain defendants Dempsey and Kearns from giving pugilistic performances anywhere in the United States of America.

Plaintiff's petition alleges that on the 18th of December, 1916, defendant Dempsey and plaintiff entered int

a contract, whereby Dempsey agreed to perform services for plaintiff as a boxer, or giving boxing exhibitions, or in any other capacity which might be assigned him for a term of three years from the above-named dates, defendant to receive seventy per cent, of the net receipts derived from such exhibitions, Dempsey convenanting, and agreeing not to act, box, perform, or exhibit for any other person than plaintiff, in any other place, either gratuitously or for hire, within the United States. The petition also alleges that the defendant Dempsey is a boxer, or what is known as a pugilist, and that as such pugilist, fighter, or boxer, is artistic, special, unique, and extraordinary. It is then charged that defendant Dempsey has been giving pugilistic performances under the management of his co-defendant, Jack Kearns; that defendant Kearns has conspired with Dempsey to violate the terms of the agreement herein referred to, and that it will be impossible to procure an adequate substitute for Dempsey who will answer the requirements of the exhibitions contemplated, etc.

Upon the filing of the petition, the court issued its restraining order against the defendants, and they were ordered to show cause why a temporary injunction should not issue. Defendants filed a return, and the question was before the court on the issues of law made by the pleadings. The return avers: (1) that the petition did not state facts sufficient to constitute a cause of action; (2) that there is no equity in said petition against defendants; (3) that a court of equity is without jurisdiction to grant relief to plaintiff; (4) that the alleged contract upon which plaintiff seeks relief is contrary to the public policy of the State of Missouri as declared by its statutes; (5) that the alleged contract is contrary to certain provisions and sections of our Constitution. Other defenses are set out in this return, which it is unnecessary to mention.

After the filing of the return, the court denied plainaiff's application for a temporary injunction, and dis-

solved its restraining order which had been issued.
Later, defendants filed a demurrer to the petition, which
was sustained. From this action, as well as the court's
action in dissolving the temporary restraining order,
plaintiff appeals.

At the time the court dissolved its temporary re-
straining order, the court filed the following memoran-
dum which we here set out in part, because in our view of
the case it is a clear and concise statement of the facts and
the law, as applicable to this case:

"This is an action instituted by John J. Reisler for
injunction, damages and accounting growing out of the
alleged violation by defendant Jack Dempsey of a certain
alleged contract or instrument of writing dated December
18, 1916, and an alleged conspiracy between Jack Demp-
sey and Jack Kearns for a violation of the terms of said
written instrument.

"The temporary restraining order was issued by
the court on an *ex parte* hearing upon the giving and
approval of a bond in the sum of one thousand dollars,
which was furnished by the plaintiff. Thereafter, on
motion duly made and heard, said bond was ordered in-
creased to the sum of two thousand dollars; and there-
after the increased bond was given by the plaintiff.

"In connection with the granting of the temporary
restraining order, an order was issued by the court, re-
turnable April 9, 1918, at 2 p. m., commanding the de-
fendants to appear on that day, and at that hour, and
show cause, if any they had, why a temporary injunction
should not be granted. To this order to show cause,
defendants filed their return in the nature of a demurrer,
and also raising certain issues of fact and, in addition,
a cross-bill asking for affirmative equitable relief.

"The issues of law presented by the demurrer
were argued and briefed at length by counsel for both
plaintiff and defendant, and it was understood that the
hearing on the facts presented by the return should await
the court's decision on the issues of law raised by the
demurrer.

"I have considered carefully the briefs filed by able and industrious counsel.

"There are two questions presented in the consideration of this matter:

"First. Is the written instrument sued on a valid contract and one that does not contravene the statute law or public policy of this State as announced by the Legislature and as adjudicated by the courts?

"Second. If it be a valid contract, will a court of equity in this State, by injunction, enforce the negative covenants thereof?

"Defendants contend, in and by their return, that it is not a. valid contract because the enforcement of it by the parties in this State would be violative of the. provisions of sections 4679, 4680 and 4681, of the Revised Statutes of Missouri, 1909, and of certain constitutional provisions therein set forth.

"As to the first proposition, viz., the validity of the agreement, it is perfectly plain to my mind that the contract is invalid. The test of the validity or invalidity of the instrument sued on is whether or not it is evident that, by its terms and provisions, the intention of the parties was to do some act, or a series of acts, the doing of which would breach some statute of this State which prohibited them. A careful reading of the contract in connection with the provisions of sections 4679, 4680 and 4681 of the Revised Statutes of Missouri of 1909, together with the case of State ex rel. v. Men's Club, 178 Missouri Appeals, 548, will demonstrate, to the mind of any reasonable man, that the contract was and is violative of those provisions of the statutes, and is, therefore, void and nonenforceable. Reading the contract as a whole, it is perfectly plain that by its terms it cannot be carried out in this State by either party without committing a felony or a misdeameanor. It is a well-settled and elementary principle of law that needs no citation of authority to support it, that a void contract cannot form the basis of any proceeding either in a court of law or a court of equity.

"As to the second question, viz., whether the contract would be enforceable in a court of equity, if valid, it is not necessary to advert thereto, since the adjudication of the first proposition relieves the case of the second. Nor is it important to consider in this proceeding whether or not the contract may be enforceable in and by the courts of any other states in which public boxing exhibitions or prizefighting may be permitted, since those states will have to decide for themselves, if, and when, the question arises there, whether or not the contract is valid or invalid.

"In view of the foregoing, we conclude that the application for a temporary injunction should be denied, and that the temporary restraining order should be dissolved, and it is so ordered."

Plaintiff contends that this contract may be performed in its entirety without violating any statute of Missouri, and that it may be performed without doing any act within the limits of this state. It would make no difference what might be done outside this state with respect to a compliance with the terms of this contract. Plaintiff is seeking to prevent a violation of its terms, and to invoke the aid of a court of equity in this state for that purpose and we do not understand how this contract may be performed in its entirety within the limits of this state without violating the law. We infer from the terms of the contract as stated in the petition, that Dempsey was to perform services for plaintiff as a boxer, or in giving boxing exhibitions, or in any other capacity which might be assigned him. He was to receive seventy per cent. of the net receipts. Public boxing is prohibited by virtue of section 3466, Revised Statutes 1919, and if the boxing exhibitions contemplated by the terms of this contract were not to be public, it would not have been necessary to mention the fact that Dempsey was to receive seventy per cent of the net receipts. The petition alleges that Dempsey is a "boxer, or what is known as a pugilist, and that as such pugilist, fighter, or boxer, is artistic, special, unique,

and extraordinary," and as in the petition used, the words "pugilist." "fighter," and "boxer" are used interchangeably. A pugilist is one who fights with his fists. Prizefighting is made a felony in Missouri. The evident object and purpose of this contract was to give plaintiff the exclusive management and control of Jack Dempsey in his effort to obtain the desired pugilistic goal which it is now stated he has attained, by becoming the heavyweight champion pugilist of the world. Should plaintiff and Dempsey undertake to carry out the evident intention and purpose of this contract, it would be in contravention of the public policy of this state, as evidenced by its statutory law. A court of equity will not lend its aid or assistance in enforcing the terms of a contract, or prohibit one from violating its terms, when to enforce the contract, so far as its principal object is concerned, would be in violation of the laws of this state. The law will leave the parties where it found them, "unsanctioned by its favor and unaided by its process." [Haggerty v. Ice Mfg. & Storage Co., 143 Mo. 238, 44 S. W. 1114.]

The Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen P. J., and Becker, J., concur. Daues, J., not sitting.*